1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10  SHAWNDEE HARTLESS, on Behalf of    )   Civil No.06CV2705 JAH(CAB)
    Herself, All Others Similarly Situated )
11  and the General Public,            )   **ORDER GRANTING IN PART AND**
                                        )   **DENYING IN PART**
12                      Plaintiff,      )   **DEFENDANT'S MOTION TO**
    v.                                  )   **DISMISS [DOC. # 6]**
13                                      )
    CLOROX COMPANY,                     )
14                                      )
                        Defendant.      )
15  _____      )

16                          **INTRODUCTION**

17        Pending before the Court is the motion of defendant Clorox Company

18  ("defendant") to dismiss the instant complaint for failure to state a claim upon which relief

19  may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The

20  motion has been fully briefed by the parties.  After a careful consideration of the pleadings

21  presented and for the reasons set forth below, this Court GRANTS IN PART and DENIES

22  IN PART defendant's motion.

23                          **BACKGROUND**

24        Plaintiff Shawndee Hartless ("plaintiff") alleges she purchased defendant's product

25  "Clorox Automatic Toilet Bowl Cleaner With Bleach" (the "Product") from stores in San

26  Diego beginning in November 2004 and used the product according to the instructions

27  on the Product's packaging, believing it to be safe.  Compl. ¶¶ 21-23.  Plaintiff alleges that

28  Clorox represents the Product does not harm plumbing when, in fact, defendant knew it

                                                                    06cv2705

could cause damage.  <u>Id.</u> ¶¶ 10-13.  Plaintiff claims the Product she purchased caused the rubber flapper inside her toilet tank to become warped and deteriorated to the extent that plaintiff was required to replace the part.  <u>Id.</u> ¶¶ 24-25.

On December 13, 2006, plaintiff filed the instant class action complaint alleging causes of action for (1) violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* (Count I); (2) breach of the implied warranty of merchantability (Count II); and (3) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 *et seq.* (Count III).  *See* <u>id.</u> ¶¶ 42-62.  Defendant filed its motion to dismiss on March 19, 2007.  Plaintiff filed an opposition to the motion on May 3, 2007 and defendant filed a reply on May 10, 2007. This Court subsequently took the motion under submission without oral argument.  *See* CivLR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss the instant complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**1.    Legal Standard**

A motion to dismiss pursuant to Rule12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed.R.Civ.P. 12(b)(6); <u>Navarro v. Block</u>, 250 F.3d 729, 731 (9th Cir. 2001).   A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."   <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Navarro</u>, 250 F.3d at 732 (citing <u>Conley</u>); *see also* <u>Haddock v. Board of Dental Examiners</u>, 777 F.2d 462, 464 (9th Cir.1985) (stating that a court should not dismiss a complaint if it states a claim under any legal theory, even if plaintiff erroneously relies on a different theory).   Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See* <u>SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.</u>, 88 F.3d 780, 782 (9th Cir.

1  1996); <u>Balisteri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).  While a

2  plaintiff need not give "detailed factual allegations," he must plead sufficient facts that,

3  if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>,

4  127 S.Ct. 1955, 1965 (2007).

5      The court must assume the truth of all factual allegations and must construe all

6  inferences from them in the light most favorable to the nonmoving party.  <u>Thompson v.</u>

7  <u>Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002); <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,

8  337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely

9  because they are cast in the form of factual allegations.  <u>Ileto v. Glock, Inc.</u>, 349 F.3d

10  1191, 1200 (9th Cir. 2003); <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th

11  Cir. 1981).

12      In deciding a motion to dismiss for failure to state a claim, the court's review is

13  limited to the contents of the complaint. <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479

14  (9th Cir. 1996); <u>Allarcom Pay Television, Ltd. v. General Instrument Corp.</u>, 69 F.3d 381,

15  385 (9th Cir. 1995).  The court may consider the facts alleged in the complaint,

16  documents attached to the complaint, documents relied upon but not attached to the

17  complaint when authenticity is not contested, and matters of which the court takes

18  judicial notice.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

19  **2.     Analysis**

20      Defendant moves to dismiss: (a) plaintiff's claim for breach of implied warranty of

21  merchantability; (b) plaintiff's UCL claim and her restitution claim under the UCL; and

22  (c) plaintiff's claim for violation of the CLRA.

23      **a.     Implied Warranty of Merchantability**

24      Defendant first moves to dismiss plaintiff's breach of implied warranty of

25  merchantability claim because plaintiff fails to allege privity as required.[1]  Defendant

26

27      [1] Defendant also presents arguments in its moving papers contending plaintiff failed to give proper
    notice of her implied warranty claim.  *See* Mot. at 6.  In opposition, plaintiff claims that, even though she

28  disputes that notice is required here, adequate notice was provided by letter to defendant's counsel dated
    December 13, 2006.  Opp. at 17 (citing <u>Greenman v. Yuba Power Prods., Inc.</u>, 59 Cal.2d 57, 61 (1963)).

1   contends that vertical privity of contract is required to state a claim for breach of implied

2   warranty.  *See* Mot. at 4 (citing U.S. Roofing, Inc. v. Credit Alliance Corp., 228

3   Cal.App.3d 1431, 1441 (1991)).  Defendant claims vertical privity is lacking here and no

4   recognized exception to the privity rule exists.  Id. at 4-5.  Defendant argues that the lack

5   of privity or exception to the privity rule requires dismissal of plaintiff's claim with

6   prejudice.  Id. at 6.  Plaintiff contends, in opposition, that this case fits within an

7   exception to the privity rule.  Opp. at 16 (citing Collum v. Pope & Talbot, 135 Cal.App.2d

8   653, 657 (1955); In re HP Inkjet Printer Litig., 2006 WL 563048 *6 (N.D.Cal. Mar. 7,

9   2006); Atkinson v. Elk Corp. of Texas, 152 Cal.App.4th 212, 229 (2006); Seeley v. White

10  Motor Co., 63 Cal.2d 9, 15 (1965)).  According to plaintiff, an exception to the privity

11  rule exists where there is reliance upon a manufacturer's warranty representation in its

12  labels or advertising materials.  Id.  Plaintiff claims this case fits that exception.  Id.

13          In reply, defendant argues that the exception upon which plaintiff rests applies only

14  to claims for breach of express warranty.  Reply at 1-2.  After a careful review of the case

15  authority cited, this Court agrees with defendant.  Two of the cases cited by plaintiff

16  explicitly limited the manufacturer's warranty exception to express warranty claims.  *See*

17  Collum, 135 Cal.App.2d at 657 (the manufacturer's warranty exception allows "recovery

18  from the manufacturer ... on the theory of express warranty without a showing of

19  privity."); Seeley, 63 Cal.2d at 14 (the manufacturer's warranty exception to the privity

20  rule "is applicable only to express warranties. ...").  Although the HP Injet Printer court

21  found no privity requirement for an implied warranty claim under the manufacturers'

22  warranty exception, the court contradictorily supported its finding by citing to a California

23  appellate decision explicitly limiting the exception to express warranty claims.  *See* In re

24  HP Injet Printer Litig., 2006 WL 563048 at *6 (citing Fieldstone Co. v. Briggs Plumbing

25  Prods., Inc., 54 Cal.App.4th 357, 369, 371 (1997)).  The Atkinson case provides no

26  support for plaintiff's contention because the court merely indicated, in *dicta*, that the

27  _____

28  Defendant does not dispute plaintiff's representation in reply.  However, because this Court ultimately finds plaintiff's claim must be dismissed for failure to adequately allege privity, this Court need not determine whether notice was required or properly given.  Therefore, this Court does not address that contention.

privity requirement might be relaxed if the dismissed implied warranty claim were brought alongside a related express warranty claim. Id., 142 Cal.App.4th at 232. Thus, this Court finds none of the case authority cited by plaintiff supports her theory. This Court's own independent research has also failed to unearth any support for plaintiff's contention. Therefore, this Court finds plaintiff's reliance upon the manufacturer's warranty exception to avoid dismissal based on lack of privity is unavailing. Accordingly, plaintiff's claim for breach of implied warranty of merchantability must be dismissed pursuant to Rule 12(b)(6) for failure to allege privity.

### b.    UCL Claim

#### 1.    Legal Standard

California's Unfair Competition Law, California Business & Professions Code § 17200, states:

> [Unfair] competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . .

Cal. Bus. & Prof. Code 17200. The purpose of the UCL is to protect against conduct that "significantly threatens or harms competition." Ariz. Cartridge Remanufacturer's Ass'n v. Lexmark Int'l, Inc., 421 F.3d 981, 986 (9th Cir. 2005)(citing Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163, 180 (1999)). Three types of conduct can constitute unfair competition: unlawful, unfair or fraudulent. Lippett v. Raymond James Fin. Servs., 340 F.3d 1033, 1043 (9th Cir. 2003); Cel-Tech, 20 Cal.4th at 180.

#### 2.    Analysis

Defendant contends that plaintiff's UCL claim fails under each of the three types of conduct that constitute unfair competition. Defendant also contends plaintiff is not entitled to restitution under the UCL.

//

//

//

06cv2705

### A.   Unlawful Conduct

Defendant asserts that plaintiff's UCL claim based on unlawful conduct must be dismissed because plaintiff's claim is improperly predicated on (1) the Federal Insecticide, Fungicide, and Rogenticide Act ("FIFRA"); (2) the Song-Beverly Act, codified at Cal. Civil Code § 1791 *et seq.*; and (3) common law products liability law.  *See* Compl. ¶ 58.

### 1.   FIFRA Violation

The unlawful practices prohibited by the UCL "are any practices forbidden by law, be it civil or criminal, federal, state or municipal, statutory, regulatory or court-made." Saunders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994).  Under the unlawful prong, violations of other laws are treated as unlawful practices that are independently actionable under the UCL.  Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000); Cel-Tech, 20 Cal.4th at 180.  A violation of a "court-made" law, for example, is a violation of a prior court order.  *See, e.g.*, Hewlett v. Squaw Valley Ski. Corp., 54 Cal.App.4th 499, 533-35 (1997). Defendant contends that, because plaintiff's use of FIFRA as a predicate to a UCL claim is  an attempted "end run" around the express prohibition of private actions under FIFRA, her claim must fail.  Mot. at 8 (citing Cel-Tech, 20 Cal.4th at 182; Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc., 922 F.Supp. 299, 305-07, 316 (C.D.Cal. 1996)(dismissing UCL claim seeking to enforce a statute that expressly prohibits private actions)).  Defendant notes that a private cause of action to enforce FIFRA has been expressly precluded by Congress.  Id. (citing Almond Hill Sch. v. United States Dep't of Agric., 768 F.2d 1030, 1035, 1038 (9th Cir. 1985)(noting Congress had rejected the use of FIFRA in private actions); Safe Alternatives for Fruit Fly Eradication v. Berryhill, 1984 U.S. Dist. LEXIS 16830 *6 (C.D.Cal.)(same)).

Plaintiff, in opposition, claims that a private plaintiff may still bring a UCL action "even though 'the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action.'" Opp. at 5 (quoting Stop Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal.4th 553, 565 (1998)).

06cv2705

1  Defendant, in reply, agrees with plaintiff that, in some instances, a statute that does not

2  provide a private right of action could serve as a predicate for a UCL claim.  Reply at 4.

3  However, defendant contends that where private rights of action to enforce a statute have

4  been expressly barred by Congress, that statute may not serve as a predicate for a UCL

5  claim.  Id.  Defendant points out that Stop Youth Addiction, as well as the other cases

6  cited by plaintiff,[2] does not address an express prohibition by Congress on private causes

7  of action to enforce the predicate statute at issue.  Id.

8      This Court agrees with defendant.  This Court finds that plaintiff is precluded from

9  enforcing FIFRA privately by using it as a predicate for her UCL claim based on Congress'

10  express rejection of private actions to enforce it.  See Chabner v. United of Omaha Life Ins.

11  Co., 225 F.3d 1042, 1048 (9th Cir. 2000)(a private action under the unlawful prong of

12  the UCL will be forestalled if the predicate statute actually bars the private action);

13  Southern California Water Co. v. Aerojet-General Corp., 2003 WL 255371634 * 9-10

14  (C.D.Cal.)(finding only an absolute bar to private actions will preclude the use of a statute

15  as a predicate to a UCL claim);  Almond Hill, 768 F.2d at 1035-38 (finding plaintiff

16  precluded from bringing a 42 U.S.C. § 1983 claim to enforce FIFRA because Congress had

17  foreclosed private rights of action to enforce it).  Therefore, this Court finds that plaintiff's

18  UCL claim based on a violation of FIFRA must be dismissed.

19                     **2.    Song-Beverly Act Violation**

20      Plaintiff also alleges defendant's acts constitute unfair competition under

21  Section 1791.2 of the California Civil Code.  Defendant contends that the section of the

22  civil code referred to by plaintiff falls under the Song-Beverly Act, California Civil Code

23  _____

24      [2]  Plaintiff also cites to Kasky v. Nike, Inc., 27 Cal.4th 939 (2002); Committee on Children's Television v. General Foods Corp., 35 Cal.3d 197 (1983); Saunders v. Superior Court, 27 Cal.App.4th 832

25  (1994); and McKell v. Washington Mutual, Inc., 142 Cal.App.4th 1457 (2006).  However, as defendant points out, none of these cases involved an express prohibition by Congress on private causes of action to

26  enforce the statute at issue as in the case here.  See Kasky, 27 Cal.4th 939 (no discussion of private right of action; Comm. on Children's Television, 35 Cal.3d 197 (the parties disputed the statute provided a private

27  right of action but  there was no discussion of an express prohibition against a private cause of action); Saunders, 27 Cal.App.4th 832 (no issue concerning private right of action); McKell, 142 Cal.App.4th 1457

28  (finding that even if the statute at bar does not create a private right of action it could still serve as a predicate under the UCL but there was no indication a private action was expressly rejected by Congress).

§ 1790 *et seq*., which defendant claims codifies and expands common law breach of implied warranty claims.  Mot. at 9 (citing <u>American Suzuki Motor Corp. v. Superior Court</u>, 37 Cal.App.4th 1291, 1295 n.2 (the Song-Beverly Act "'supplements, rather than supersedes, the provisions of the California Uniform Commercial Code' by broadening a consumer's remedies to include costs, attorney's fees and civil penalties.'")(quoting <u>Kreiger v Nick Alexander Imports, Inc.</u>, 234 Cal.App.3d 205, 213 (1991)).  Defendant argues that a violation of the Song-Beverly Act's provisions cannot serve as a predicate for a UCL claim because breach of implied warranty has been found not actionable as unlawful activity under the UCL.[3]  <u>Id.</u> at 9 (citing, *inter alia*, <u>Klein v. Earth Elements, Inc.</u>, 59 Cal.App.4th 965, 969 (1997)).  Plaintiff argues, in response, that the case authority cited by defendant fails to support this contention.  *See* Opp. at 6-7.  In reply, defendant disagrees with plaintiff interpretation of the case law and disputes the applicability of plaintiff's cited case authority.  Reply at 4-5.

California Civil Code § 1791.2, the code section cited by plaintiff in her complaint, *see* Compl. ¶ 58, deals with express, not implied, warranties.  Here, in support of a violation of § 1791.2, plaintiff alleges, *inter alia*, that defendant violated the UCL by "continuing to voluntarily and expressly warrant the Product without the intent to uphold its warranty, and continuing to sell the Product after learning that the Product damaged toilet tank components." Compl. ¶ 58.  Thus, the Song-Beverly Act provision cited by plaintiff does not deal with common law breach of implied warranty claims as defendant asserts.  The cases cited by the parties do not address express warranties and this Court's own independent research has uncovered no statutory or case authority that bars the use of an alleged violation of an express warranty, such as the claim presented here, as a predicate act for a UCL claim.   Therefore, this Court finds defendant's contention

---

[3] Defendant further contends that, because plaintiff's breach of implied warranty of merchantability claims lacks privity (and notice), it cannot serve as a predicate act for the unlawful prong of the UCL.  Mot. at 9.  Plaintiff claims privity is not required under Section 1791.2 but cites only to a legal treatise as authority for her claim. *See* Opp. at 7 (citing 4 Witkin, <u>Summary of California Law</u>, Ch.V, § 98 (10th ed. 2006)).  However, because this Court ultimately finds that the Song-Beverly Act, cannot serve as a predicate statute for a UCL claim, this Court need not address whether privity or notice is required.

06cv2705

1  concerning the plaintiff's use of the Song-Beverly Act as a predicate act for her UCL claim

2  fails.

3  **3.      Common Law Products Liability Violation**

4  Plaintiff also predicates her UCL claim under the unlawful prong on defendant's

5  alleged "failure to use reasonable care to test the Product prior to sale ..."  Compl. ¶ 58.

6  Defendant contends this language amounts to common law negligence which cannot serve

7  as a predicate act under the unlawful prong of the UCL.  Mot. at 10 (citing <u>Klein</u>, 59

8  Cal.App.4th at 969).

9  In her opposition, plaintiff contends that conduct alleged to violate common law

10  can serve as a predicate act under the unlawful prong.  Opp. at 7-8 (citing, *inter alia*,[4]

11  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal.4th 1134, 1159 (2003); <u>CRST Van

12  Expedited, Inc. v. Werner Enters., Inc.</u>, 479 F.3d 1099, 1107 (9th Cir. 2007)).  Plaintiff

13  argues that the decision in <u>Klein</u> is not binding here because, in <u>Klein</u>, the court found that

14  common law violations could not serve as predicate unlawful acts under the UCL based

15  on undisputed facts on summary judgment demonstrating no unlawful act had occurred.

16  Opp. at 8.  According to plaintiff, <u>Klein</u> did not hold that common law violations can

17  never serve as a predicate act under the unlawful prong of the UCL but, instead, found

18  there was no predicate unlawful act under the facts presented.  <u>Id.</u>  Defendant, in reply,

19  points out that <u>Klein</u> is still good law and, as such, acts as a bar to plaintiff's UCL claim

20  based on common law as a predicate act for the unlawful prong.  Reply at 5-6.  Defendant

21  contends the cases cited by plaintiff fail to support her contrary position.  <u>Id.</u> at 6-7.

22  This Court's review of the case authority in this area reveals that defendant's

23  position is the correct one.  In <u>National Rural Telecommunications Co-op v. DirectTV</u>,

24  319 F.Supp.2d 1059 (C.D. Cal. 2003), the district court rejected a similar argument by

25

26

---

27  [4] Plaintiff additionally cites to <u>McKell v. Washington Mutual, Inc.</u>, 142 Cal.App.4th 1457 (2006);

28  <u>Saunders v. Superior Court</u>, 27 Cal.App.4th 832 (1994); <u>Bondanza v. Peninsula Hosp. & Med. Ctr.</u>, 23 Cal.3d 260 (1979); and <u>Hewlett v. Squaw Valley Ski Corp.</u>, 54 Cal.App.4th 499 (1997).  As noted by defendant, none of these cases

1   the plaintiff[5] and found that a common law breach of contract claim cannot serve as an

2   unlawful predicate act if it is independent of any law.  Id. at 1074; *see also* Wang & Wang

3   LLP v. Bando Do Brasil, S.A., 2007 WL 915232 *4 (E.D.Cal.)("... all that remains is a

4   naked claim for breach of contract, which, standing alone, is an insufficient basis for a

5   § 17200 claim.").  These cases, along with Klein, convince this Court that common law

6   negligence provides an insufficient basis under the unlawful prong of the UCL.  Therefore,

7   this Court finds that plaintiff's UCL claim based on a common law products liability claim

8   as a predicate act under the unlawful prong fails.

**B.    Fraudulent Business Practices**

10       Plaintiff also predicates her UCL claim under the fraudulent business practice

11   prong. *See* Compl. ¶ 60.  Defendant contends that plaintiff's allegations fails to meet the

12   requirements of pleading fraud under Rule 9(b) of the Federal Rules of Civil Procedure.

13   Mot. at 10.  According to defendant, fraudulent conduct allegations underlying a UCL

14   claim is subject to Rule 9(b)'s heightened pleading standard, requiring that the facts be

15   plead with particularity.  Id. at 11 (citing Vess v. Ciba-Geigy Corp., 317 F.3d 1097,

16   1103-05 (9th Cir. 2003)(claims sounding "in fraud," including those brought under the

17   CLRA and UCL, must satisfy Rule 9(b) such that "the particulars of when, where, or how

18   the alleged conspiracy occurred" must be sufficiently plead)).  Defendant contends

19   plaintiff's fraud allegations are "scant," in that plaintiff merely refers to defendant's

20   conduct as "falsely 'represent[ing] ... that the Product will not harm plumbing.'"  Id. at 12

21   (quoting Compl. ¶ 1).   Defendant claims this averment clearly lacks  the requisite

22   particularity to meet Rule 9(b)'s standard.  Id.

23       The parties agree that Vess governs plaintiff's fraud claim and that, under Vess,

24   when fraud is not a necessary element to the claim, as here, the fraudulent conduct is

25   subject to Rule 9(b)'s requirements.  Mot. at 11; Opp. at 11-12; Reply at 7.  However,

---

[5] The plaintiff in National Rural argued "that 'a claim under the 'unlawful' prong of 17200 may be based on an underlying violation of common law, [*e.g.*, breach of contract], and does not have to rise to the level of a statutory violation,'"an argument the district court firmly rejected.  Id., 319 F.Supp.2d at 1074 (footnotes omitted).

1   plaintiff claims her averments sufficiently meet the pleading requirements of Rule 9(b).

2   *See* Opp. at 12.  According to plaintiff, the complaint pleads the alleged fraudulent

3   conduct with enough specificity because the case involves only "factually simple conduct,"

4   such that it is clear from the facts when, where and how the alleged fraudulent conduct

5   occurred.  Id.

6       In reply, defendant disagrees with plaintiff's assessment.  *See* Reply at 8.  Defendant

7   claims the complaint fails to allege with particularity whether the alleged fraudulent

8   representations were made to plaintiff and, if so, when or where they were made.  Id.  In

9   addition, defendant points out that plaintiff's allegations concerning the purchase of the

10  product at issue are vague.  Id.

11      The instant complaint alleges defendant "represents and warrants that the Product

12  will not harm plumbing," a statement plaintiff alleges is untrue.  Compl. ¶¶ 1-3.  The

13  complaint also alleges defendant "represented facts about its Product that were not true

14  and which [defendant] knew or should have known were not true" and, instead, "sold [its]

15  defective Product to plaintiff."  Id. ¶¶ 15, 17.  In addition, the complaint alleges

16  "[p]laintiff purchased the Product from stores in San Diego beginning in November of

17  2004, and paid the retail price for it."  Id. ¶ 21.  This Court finds these allegations vague

18  and lacking of the required particularity to meet Rule 9(b)'s pleading standard.  This

19  Court, therefore, finds that plaintiff's averments of fraudulent conduct underlying her

20  UCL claim fail for lack of particularity under Rule 9(b).  Accordingly, defendant's motion

21  to dismiss this claim for lack of particularity is GRANTED.

22              **C.    Unfair Business Practices**

23      The instant complaint alleges that defendant's conduct "offends public policy"

24  through the conduct alleged to be unlawful.  *See* Compl. ¶ 61.  Although the California

25  Supreme Court has not defined what is unfair under the UCL as it relates to consumer

26  injuries, *see* People ex. rel. Bill Lockyer v. Fremont Life Ins. Co., 104 Cal.App.4th 508, 515

27  (2002), courts are given "broad discretion to prohibit new schemes to defraud" under the

28  unfair prong.  Paulus v. Bob Lynch Ford, Inc., 139 Cal.App.4th 659, 682 (2006).

1   Defendant contends that to state a claim under the unfairness prong of the UCL, plaintiff

2   must allege a violation of a legislative policy.  Mot. at 13 (citing Schnall v. Hertz Corp.,

3   78 Cal.App.4th 1144, 1166 (2000)).  Defendants claims plaintiff's allegations fail to do

4   so.  Id.

5         Plaintiff claims the "tethering ... to a specific constitutional, statutory or regulatory

6   provision" test referred to by defendant is only  applicable to cases between competitors,

7   and not actions brought by consumers which are subject to a traditional balancing test.

8   Opp. at 9-10 (citing Knevelboard Dairies v. Kraft Foods, Inc., 232 F.2d 979, 994 (9th Cir.

9   2000); McKell, 142 Cal.App.4th at 1473; Progessive West Ins. Co. v. Superior Court, 135

10  CalApp.4th 263, 286 (2005); Smith v. State Farm Auto. Ins. Co., 93 Cal.App.4th 700,

11  720 n.23 (2001)).  Nevertheless, plaintiff contends she meets the tethering test because

12  her unfairness claim is tethered to any of the statutory violations alleged, including FIFRA

13  and the Song-Beverly Act.  Id.

14        In reply, defendant notes that "recent case law establishes a split in the appellate

15  courts on the appropriate test for UCL actions under the 'unfair' prong" but nevertheless

16  contends the "tethering" test is not limited in its application as plaintiff suggests.  Reply

17  at  9  (citing  Bardin  v.  DaimlerChrysler  Corp.,  136  Cal.App.4th  1255,  1271-72

18  (2006)(applying  both  approaches  in  a  consumer  case  because  the  California  Supreme

19  Court has yet to clarify which test is properly applied)).  Defendant contends that, in any

20  event, plaintiff can cite to no case in which a court has allowed a UCL claim to go forward

21  based on the unfair prong alone.  Id.

22        This Court finds it need not determine which test to apply because defendant's sole

23  argument in support of its motion fails.  Because this Court has already determined that

24  plaintiff's UCL claim under the unlawful prong based on an alleged violation of the Song-

25  Beverly Act survives defendant's challenge under Rule 12(b)(6), this Court finds that

26  plaintiff's claim based on unfairness is adequately tethered to that statutory violation.

27  Accordingly, defendant's motion to dismiss plaintiff's UCL claim under the unfairness

28  prong is DENIED.

06cv2705

## D.   Restitution

Defendant further contends that plaintiff's claim for restitution based on a violation of the UCL must necessarily fail because plaintiff has not and cannot allege she paid any monies directly to defendant.  Mot. at 13.  According to defendant, monetary relief under the UCL is strictly limited to "recovery of money that can 'clearly be traced' to funds in the defendant's possession that were wrongfully acquired from 'actual direct victims' who paid money to the defendant."  Id. at 13-14 (quoting Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1150, 1152 (2003)).  Thus, defendant contends that, because plaintiff does not allege she paid any money directly to defendant, plaintiff is not entitled to restitution under the UCL.  Id.

In opposition, plaintiff argues that the case authority cited by defendant holds differently than defendant posits.  Opp. at 13.  According to plaintiff, the Korea Supply court found it could order the defendant "'to return money obtained through an unlawful business practice to those persons of interest from whom the money was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.'"  Id. (quoting Korea Supply, 29 Cal.4th at 1148 (citations omitted)).  Thus, plaintiff claims defendant's case authority supports the position of plaintiff, not defendant.  Id. at 14.

This Court agrees with plaintiff.  The California Supreme Court did, in fact, state that "[a]ctual direct victims of unfair compensation may obtain restitution as well" as injunctive relief to remedy a violation under the UCL.  Korea Supply, 29 Cal.4th at 1152.  However, this Court does not construe this to mean that only those persons who directly purchased the offending product from the defendant can recover restitution.  Instead, this Court finds, based on the case authority provided, as well as the Court's own independent research, that restitution is available to plaintiff if she can prove she was an "actual direct victim."   Thus, plaintiff's allegations that she purchased defendant's product is, in this Court's view, sufficient to support her claim that she is a direct victim of the alleged UCL violation.  This Court must, in ruling on the instant motion, take as true the factual

allegations presented by plaintiff and view them in the light most favorable to her. Thompson, 295 F.3d at 895;  Cahill, 80 F.3d at 337-38.  Taking the facts presented here as true and viewed in plaintiff's favor, this Court cannot reasonably  find beyond doubt that plaintiff cannot prove she is entitled to restitution under the UCL. *See* Conley v. Gibson, 355 U.S. at 45-46.  Accordingly, this Court finds defendant's contention that restitution is unavailable to plaintiff here fails.

**c.    CLRA Violation**

Lastly, defendant moves to dismiss plaintiff's claim for a CLRA violation contained in Count I. *See* Mot. at 14-15.  Defendant points out that plaintiff's CLRA claim is based on allegations of fraud which, like her UCL claim based on fraudulent business practices, are subject to Rule 9(b)'s heightened pleading requirements.  Id. at 15.  Defendant notes that the complaint merely lists the provisions of the CLRA that defendant is alleged to have violated.  Defendant contends the listing of the CLRA provisions is insufficient to meet the pleading requirements for fraud.  Id. at 14-15 (citing Compl. ¶ 44).  Plaintiff disagrees.  *See* Opp. at 15.  However, this Court has already determined that plaintiff's UCL claim based on fraud allegations is subject to, and fails to meet, the pleading requirements of Rule 9(b).  Thus, plaintiff's CLRA claim based on the same fraud allegations are also inadequately pled and must be dismissed for lack of specificity.

**<u>CONCLUSION AND ORDER</u>**

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to dismiss [doc. # 6] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.    Defendant's motion to dismiss plaintiff's claim for breach of the implied warranty of merchantability contained in Count II is **GRANTED**; and

2.    Defendant's motion to dismiss plaintiff's claim for violation of California's Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*, contained in Count III is **GRANTED IN PART** and **DENIED IN PART** as follows:

//

06cv2705

a. Defendant's motion to dismiss plaintiff's allegations concerning violations of the Federal Insecticide, Fungicide, and Rogenticide Act and common law products liability allegations is **GRANTED**;

b. Defendant's motion to dismiss plaintiff's allegations concerning the Song-Beverly Act, codified at Cal. Civil Code § 1791 *et seq.* is **DENIED**;

c. Defendant's motion to dismiss plaintiff's common law products liability allegations is **GRANTED**;

d. Defendant's motion to dismiss plaintiff's fraudulent conduct allegations is **GRANTED**;

e. Defendant's motion to dismiss plaintiff's unfair business practice allegations is **DENIED**; and

f. Defendant's motion to dismiss plaintiff's restitution claim under the UCL is **DENIED**.

3. Defendant's motion to dismiss plaintiff's claim for violation of the Consumer Legal Remedies Act, California Civil Code § 1750 *et seq.*, contained in Count I is **GRANTED**.

Dated:     November 2, 2007

JOHN A. HOUSTON
United States District Judge

06cv2705