2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHAWNDEE HARTLESS, on Behalf of Her-
self, All Others Similarly Situated, and the
General Public,

                                        Plaintiff,

v.

CLOROX COMPANY,

                                        Defendant.

Civil No.     06cv2705-CAB

**ORDER:  (1) CONDITIONALLY
CERTIFYING SETTLEMENT CLASS
AND APPOINTING CLASS COUNSEL;
(2) PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT; (3)
SETTING A FINAL APPROVAL
HEARING; AND (4) DIRECTING
DISTRIBUTION OF THE CLASS
ACTION SETTLEMENT NOTICES**

**[Doc. No. 78]**

        Plaintiff Shawndee Hartless ("Plaintiff") and Defendant Clorox Company

("Defendant") filed a joint motion requesting that the Court conditionally certify a settlement

class; appoint Blood Hurst and O'Reardon, LLP and Bonnett, Fairbourn, Friedman & Balint, P.C.

as counsel for the Class; grant preliminary approval of a class action settlement; set a final fairness

approval hearing; and approve notice to the class.  [Doc. No. 78.]  This Court has reviewed the

joint motion, Plaintiff's memorandum in support of the joint motion for preliminary approval, the

declaration of Timothy G. Blood in support of the joint motion, the Stipulation of Settlement, the

2   proposed order granting preliminary approval, the claim administration protocols, the publication

3   notice, the notice plan, the notice of class action settlement, the settlement claim forms, the

4   proposed final settlement order and judgment, and the record in this action.  [Doc. Nos. 77 and

5   78.]

6          The Court hereby **GRANTS** the Joint Motion.  The Court finds and concludes that the

7   proposed settlement, as set forth in the Stipulation of Settlement [Doc. No. 77], should be and is

8   preliminary approved as fair, reasonable and adequate, free of collusion or indica of unfairness,

9   and within the range of possible final judicial approval.  The Stipulation of Settlement, [Doc. No.

10  77], is incorporated by reference and hereby made a part of this preliminary approval Order.  The

11  Court further finds, concludes, and orders as follows:

12  **A.      Definitions.**

13         The capitalized terms used in this preliminary approval Order shall have the meanings

14  and or definitions given to them in the Stipulation of Settlement, or if not defined therein, the

15  meanings and/or definitions given to them in this preliminary approval Order.

16  **B.      Background of the Action.**

17         1.      Plaintiff filed this class action on December 13, 2006.  The original complaint

18  alleged claims under the Consumer Legal Remedies Act, California Civil Code section 1750 et seq.;

19  California's Unfair Competition Law, California Business & Professions Code section 17200 et seq.;

20  and for breach of the implied warranty of merchantability.  Plaintiff subsequently filed a First

21  Amended Complaint for violation of California's Unfair Competition Law and the Consumer Legal

22  Remedies Act.  Plaintiff alleges that chemicals from the Clorox Automatic Toilet Bowl Cleaner with

23  Bleach ("CATBC") tablets cause damage to the flush mechanism's flapper and the statement on the

24  CATBC label that the tablet "Does not harm plumbing" is false, misleading and likely to deceive the

25  public.

26         2.      Defendant maintains that CATBC is a safe product when used as directed and

27  denies that the CATBC label was false or misleading.  Defendant asserts that the studies conducted

28  in the 1990s on the effects of chlorinated in-tank cleaners tested toilet flappers under extreme

2

2   conditions and that is it unaware of any study that indicates CATBC exposure accelerates harm to

3   toilet tank components when the product is used as directed.  Additionally, Defendant contends that

4   the class alleged by Plaintiff could not be certified outside a settlement context.

5       3.      During the almost four-year pendency of this Action and prior to initiating the

6   action, Class Counsel conducted an extensive examination and evaluation of the relevant facts and

7   law to assess the merits of the claims and potential claims and to determine how best to serve the

8   interests of Plaintiff and the Class.  Class Counsel retained consultants, conducted laboratory testing

9   of the product, obtained documents from industry officials, interviewed industry consultants and

10  representatives of the industry committees formed to investigate the allegedly damaging effects of

11  chlorinated in-tank cleaners, reviewed approximately 42,000 pages of documents, served written

12  discovery requests and deposition notices, conducted an informal interview of a former Clorox

13  employee, and engaged and worked with an expert to review and analyze testing documents produced

14  by Clorox.  Thus, Class Counsel have carefully considered the merits of Plaintiff's claims and the

15  defenses raised by Defendant to those claims.

16      4.      At the time that the Parties reached an agreement in principle to settle this Action,

17  they had engaged in significant litigation and discovery and conducted a thorough investigation of

18  the facts relating to the claims asserted in the Action.

19  **C.      The Background of the Proposed Settlement.**

20      1.      The Parties began preliminary negotiations for a settlement at an Early Neutral

21  Evaluation Conference on February 7, 2008, before this Court.  After significant discovery, the Parties

22  participated in a full day mediation before the Honorable Gary Taylor (Retired) and arrived at an

23  agreement in principle for settlement.  The proposed settlement was reached only after extensive

24  investigation and litigation in the Action, and was the result of a protracted mediation conducted by

25  the Parties with the assistance of a professional mediator.  The Parties negotiated the details of the

26  proposed settlement over a period of seven months.

27      2.      Plaintiff and Class Counsel maintain that the Action and the claims asserted therein

28  are meritorious and that Plaintiff and Class Counsel would have prevailed at trial.  Notwithstanding,

2  Plaintiff and Class Counsel have agreed to settle the Action pursuant to the provisions of the

3  Stipulation, after considering, among other things:  (a) the substantial benefits to Plaintiff and the

4  Class under the terms of the Stipulation; (b) the expense and risks of litigation, trial and appeal,

5  especially in complex actions such as this, as well as the difficulties and delays inherent in such

6  litigation; and (c) the desirability of providing prompt and effective relief to Plaintiff and the Class.

7          3.      Defendant denies any wrongdoing alleged in the pleadings in the Action.

8  Defendant, however, considers it desirable to settle the Action because the proposed settlement will:

9  (a) provide substantial benefit to Clorox, including the avoidance of a protracted and expensive

10  defense of the Action; (b) finally and fully resolve Plaintiff's and Class claims and the underlying

11  matters; and (c) avoid the substantial burdens, uncertainties and risks inherent in any litigation.

12  **D.      Conditional Certification of Class.**

13          Parties may settle a class action before class certification and stipulate that a defined class

14  be conditionally certified for settlement purposes. *See, e.g.*, *Molski v. Gleich*, 318 F.3d 937 (9th Cir.

15  2003) (*overruled* on other grounds).  A conditionally-certified class must still satisfy Rule 23(a) and

16  (b) requirements.  *See id.*  A court must look at these factors when considering class certification:

17          (1) the class is so numerous that joinder of all members is impracticable, (2)
           there are questions of law or fact common to the class, (3) the claims or defenses
18          of the representative parties are typical of the claims or defenses of the class,
           and (4) the representative parties will fairly and adequately protect the interests
19          of the class.

20  Fed. R. Civ. Proc. 23(a).  In addition, the plaintiff must establish one of the following: (1) there is a

21  risk of inconsistent or unfair adjudication if parties proceed with separate actions; (2) the defendant

22  acted on grounds generally applicable to the class, making injunctive or declaratory relief appropriate

23  to the class as a whole; or (3) common questions of law or fact predominate and class resolution is

24  superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ.

25  Proc. 23(b).

26          1.      The parties seek to certify the following class:

27          All persons or entities in the United States who purchased, used, or suffered any
           property damage from the use of Clorox Automatic Toilet Bowl Cleaner with Bleach
28          from December 13, 2002, to _____ [the date notice to the class is first published].

4

2.      From December 1, 2002 through February 29, 2009, Defendant sold approximately 146,894,272 units of the product.  In California, Defendant sold approximately 18,938,000 units of the product from 2004 through April 16, 2009.   Therefore, the numerosity requirement is satisfied as the class is so numerous that joinder of all members would be impracticable.

3.      This class action is based upon allegations that the standard labeling language used on all CATBC product packages is a misrepresentation.  The core question of whether the labeling language was a misrepresentation is common to the entire proposed class and thus the commonality requirement is satisfied.

4.      Plaintiff and Class Members were exposed to the same product and the same alleged misrepresentations on the labeling of the product.  Plaintiff seeks the same relief for the same alleged wrongful conduct as the Class Members.  Therefore, typicality is met.

5.      Plaintiff's counsel are experienced and qualified in consumer fraud class action litigation.  They have performed extensive work investigating the potential claims in this action and litigating the action.  Additionally, Plaintiff's interests are not antagonistic to the interests of the Class.  Therefore, the Court finds that Plaintiff adequately and fairly represents the interests of the proposed class and will vigorously prosecute the Action on its behalf.

6.      The Parties seek certification under Federal Rule of Civil Procedure 23(b)(3).  Common questions of law or fact predominate this controversy as the central issue for every claimant will be whether Defendant had substantiation for its claim that CATBC "does not harm plumbing" and whether that misrepresentation would deceive a reasonable consumer.   Additionally, class resolution of this controversy is superior to resolution on an individual basis because the claims of many individuals will be efficiently resolved at one time, eliminating the possibility of repetitious litigation that would waste the parties' and the Court's resources.

7.      Thus, the Court preliminarily concludes, for approving this Class for settlement purposes only, with no other effect on the Litigation, the proposed Rule 23 Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is so numerous that joinder of all members of the class is impracticable; (b) there are

questions of law or fact common to the proposed Class; (c) the claims of Plaintiff are typical of the claims of the members of the proposed Class; (d) Plaintiff will fairly and adequately protect the interests of the members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) common issues will likely predominate over individual issues.

8.    Therefore, the following class is hereby conditionally certified for the purposes of approving this settlement only:

> All persons or entities in the United States who purchased, used, or suffered any property damage from the use of Clorox Automatic Toilet Bowl Cleaner with Bleach ("CATBC") from December 13, 2002, to September 15, 2010.  Specifically excluded from the Class are: (a) all federal court judges who have presided over this Action and their immediate family; (b) all persons who have submitted a valid request for exclusion from the Class; (c) Defendant's employees, officers, directors, agents, and representatives and their family members; and (d) those who purchased CATBC for the purpose of resale.

9.    Additionally, pursuant to Rule 23, the Court hereby appoints the Plaintiff in this Action, Shawndee Hartless, as the Class Representative.

**E.    Appointment of Class Counsel.**

1.    Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Blood Hurst and O'Reardon, LLP and Bonnett, Fairbourn, Friedman & Balint, P.C. as Co-Lead Counsel for the settlement Class.

2.    The Court finds that these firms will fairly and adequately represent the interests of the Class based on the work that counsel has done in investigating potential claims in this Action, counsel's extensive experience in handling class actions and complex litigation, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class.

**F.    Preliminary Approval of Proposed Class Settlement.**

To determine whether a settlement is fair, reasonable and adequate requires evaluating several factors, such as

> strength of plaintiff's case; the risk, expense[,] complexity, and likely

duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair. *Nat'l Rural Telecoms. Coop. v. Directv, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

1.    The proposed settlement, as set forth in the Stipulation, resulted from extensive arms-length negotiation. The Action was extensively and vigorously litigated, with substantial discovery, prior to any settlement. Plaintiff and Defendant engaged in intensive arms-length negotiations, over the course of a lengthy mediation before a capable and well-respected mediator, the Honorable Gary Taylor (Retired). Seven months of negotiations thereafter resulted in the proposed settlement reflected by the Stipulation. Thus, there is no evidence of collusion.

2.    The proposed settlement, as set forth in the Stipulation, is sufficient to warrant dissemination of notice thereof to the Class Members and to conduct a fairness hearing thereon. The proposed settlement provides for cessation of the language "does not harm plumbing" on future CATBC labels, packages, promotional and advertising materials, and for monetary benefits to Class members for property damage. The Court has considered the realistic range of outcomes in this matter, including the relief Plaintiff might receive if she prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, and the risk that Plaintiff would receive less than the settlement relief or take nothing at trial. The relief offered by the proposed settlement falls within the range of possible final approval in terms of these factors.

3.    Class Counsel retained consultants, conducted laboratory testing of the product, obtained documents from industry officials, interviewed industry consultants and representatives of the industry committees formed to investigate the allegedly damaging effects of chlorinated in-tank cleaners, reviewed approximately 42,000 pages of documents,

served written discovery requests and deposition notices, conducted an informal interview with a former Clorox employee, and engaged and worked with an expert to review and analyze testing documents produced by Clorox.  Thus, Class Counsel completed substantial discovery in this Action.

4.    Based upon the litigation of relevant legal issues involved in this Action and extensive investigation of the underlying facts in discovery,  Plaintiff and Defendant were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation (both before this Court and on appeal) and the benefits of the proposed settlement.

5.    The Class is and was at all times adequately represented by Plaintiff and Class Counsel.  Moreover, both Class Counsel and Defendant's Counsel are highly experienced trial lawyers with specialized knowledge in class action litigation. Class Counsel and Defendant's Counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Class settlement is fair and reasonable for the Class Members.  Defendant denies all allegations of wrongdoing and disclaims any liability with respect to any and all claims alleged by Plaintiff and the Class, including their claims regarding the propriety of class certification, but agrees that the proposed settlement will provide substantial benefits to Class Members.  Defendant considers it desirable to resolve the Action to finally put Plaintiff's and the Class's claims to rest and avoid, among other things, the risks of continued litigation and the expenditure of time and resources necessary to proceed through trial and any subsequent appeals.

6.    Therefore, the proposed settlement, on the terms and conditions stated in the Stipulation, is preliminary approved by the Court as being fair, reasonable, and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval.

**G.    Fairness Hearing.**

1.    The parties have requested a Fairness Hearing to be conducted 138 days after preliminary approval, or as soon thereafter as the Court's and Parties' calendars permit.

Pursuant to Federal Rule of Civil Procedure 23(e), the Fairness Hearing will be held on December 29, 2010 at 1:30 PM, in Courtroom E of the Edward J. Schwartz United States Courthouse, 940 Front Street, San Diego, California, before the undersigned, (or on such continued date(s) or time(s) as the Court may direct) for the following purposes:

(a)     finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class should be certified for purposes of effectuating the settlement;

(b)     determining whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation of Settlement is fair, reasonable and adequate and should be approved by the Court;

(c)     considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Stipulation of Settlement;

(d)     considering the application of plaintiffs Shawndee Hartless and Peter Wachowski for class representative incentive awards, as provided for under the Stipulation for Settlement.

(e)     considering whether the Court should enter the [Proposed] Final Settlement Order and Judgment;

(f)     considering whether the release of the Released Claims as set forth in the Stipulation should be provided; and

(g)     ruling upon such other matters as the Court may deem just and appropriate.

2.     The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to Class Members.  The Parties may further modify the Stipulation prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Stipulation with such modifications as may be agreed to by the Parties if appropriate

9

2   without further notice to Class Members.

3           3.      All papers in support of the settlement and any application for an award of

4   attorneys' fees and expenses and/or class representative incentive awards must be filed with

5   the Court and served at least seven days prior the Final Approval Hearing.

6   **H.      Form and Method of Class Notice.**

7           1.      The Court hereby approves the proposed form and contents of the

8   Settlement Notice set forth in the Stipulation of Settlement as Exhibits C and E thereto.

9           2.      The Court finds the distribution of Notice substantially in the manner and

10  form set forth in the Stipulation meets the requirements of Federal Rule of Civil Procedure 23

11  and due process, is the best notice practicable under the circumstances, and shall constitute

12  due and sufficient notice to all persons entitled thereto.

13          3.      The Court approves the designation of Garden City Group, Inc. to serve as

14  the Court-appointed Claim Administrator for the settlement.  The Claim Administrator shall

15  cause the Publication Notice to be published, disseminate Class Notice, and supervise and

16  carry out the notice procedures, the processing of claims, and other administrative functions,

17  and shall respond to Class Members' inquiries, as set forth in the Stipulation and this Order

18  under the direction and supervision of the Court.

19          4.      The Court directs the Claim Administrator to establish a settlement website,

20  making available copies of this Order, Class Notice, Claim Form that may be downloaded and

21  submitted online, by mail or facsimile, the Stipulation and all exhibits thereto, a toll-free

22  hotline, and such other information as may be of assistance to Class Members or required

23  under the Stipulation.  The Class Notice and Claim Forms shall be made available to Class

24  Members through the Settlement Website on the date notice is first published and

25  continuously thereafter through the Claim Review Period (and on websites of Class Counsel

26  at their option during the same period).

27          5.      The Claim Administrator is ordered to complete publication of the

28  Publication Notice on or about 70 days before the Final Approval Hearing.

2    6.    The costs of Notice, processing of claims of Class Members, creating and

3  maintaining the Settlement Website, and all other Claim Administrator and Notice expenses

4  shall be paid by Defendant in accordance with the applicable provisions of the Stipulation.

5  **I.    Procedure for Class Members to Participate in the Settlement.**

6    1.    The Court approves the Parties' proposed Claim Forms.  Any Class Member

7  who wishes to participate in the settlement shall complete a Claim Form in accordance with

8  the instructions contained therein and submit it to the Claim Administrator no later than 30

9  days after the date of the Final Approval Hearing, which date will be specifically identified

10  in the Claim Form.  Such deadline may be further extended without notice to the Class by

11  written agreement of the Parties.

12    2.    The Claim Administrator shall have authority to accept or reject claims in

13  accordance with the Stipulation, including the Claims Administration Protocols.

14    3.    The Claim Administrator shall send payment to eligible Class Members or,

15  as applicable, a letter explaining the rejection of the claim, no later than 60 days after the close

16  of the Claim Review Period.

17    4.    Any Class Member may enter an appearance in the Action, at his or her own

18  expense, individually or through counsel who is qualified to appear in the jurisdiction.  All

19  Class Members who do not enter an appearance will be represented by Class Counsel.

20  **J.    Procedure for Requesting Exclusion from the Class.**

21    1.    All Class Members who do not timely exclude themselves from the Class

22  shall be bound by all determinations and judgments in the Action concerning the settlement,

23  whether favorable or unfavorable to the Class.

24    2.    Any person or entity falling within the definition of the Class may, upon his,

25  her or its request, be excluded from the Class.  Any such person or entity must submit a

26  request for exclusion to the Claim Administrator, postmarked or delivered no later than 45

27  days after the last date on which the Publication Notice is to be published, the date for which

28  will be specifically identified in the Publication Notice and Class Notice.  Requests for

2    exclusion purportedly filed on behalf of groups of persons or entities are prohibited and will

3    be deemed to be void.

4         3.    Any Class Member who does not send a signed request for exclusion

5    postmarked or delivered on or before the time period described above will be deemed to be

6    a Class Member for all purposes and will be bound by all judgments and further orders of this

7    Court related to the settlement of this Action and by the terms of the settlement, if finally

8    approved by the Court.  The written request for exclusion must request exclusion from the

9    Class, be signed by the potential Class Member and include a statement indicating that the

10   person or entity is a member of the Class.  All persons or entities who submit valid and timely

11   requests for exclusion in the manner set forth in the Stipulation shall have no rights under the

12   Stipulation and shall not be bound by the Stipulation or the Final Judgment and Order.

13        4.    A list reflecting all requests for exclusions shall be filed with the Court by

14   the Parties at or before the Final Approval Hearing.

15   **K.    Procedure for Objecting to the Settlement.**

16        1.    Any Class Member who desires to object either to the settlement,

17   application for attorneys' fees and expenses, or class representative incentive awards must

18   timely file with the Clerk of this Court and timely serve on the Parties' counsel by hand or

19   first-class mail a notice of the objection(s) and the grounds for such objections, together with

20   all papers that the Class Member desires to submit to the Court no later than 45 days after the

21   last date on which the Publication Notice is to be published, the date for which will be

22   specifically identified in the Publication Notice and Class Notice.  The Court will consider

23   such objection(s) and papers only if such papers are timely received by the Clerk of the Court

24   and by Class Counsel and by Defendant's Counsel.  Such papers must be sent to each of the

25   following persons:

26   Clerk of the Court                    Leslie Hurst
     United States District Court         Blood, Hurst & O'Reardon, LLP
27   Southern District of California      600 B Street, Suite 1550
     880 Front Street, Suite 4290        San Diego, CA 92101
28   San Diego, CA 92101-8900

2     Sabrina Strong
      O'Melvney & Myers LLP
3     400 South Hope Street
      Los Angeles, CA 90071
4

5          2.     All objections must include the name, address, and telephone number of the

6     objecting Class Member, an affirmation that they purchased, used or suffered property

7     damages from the use of CATBC during the Class Period, an explanation of the objections,

8     and the submitting party's signature. All objections must also include a reference to *Hartless*

9     *v. Clorox Company* No. 06cv2705-CAB (S.D. California). Each Class Member submitting

10    an objection must state whether he or she (or his or her attorney) intends to appear at the Final

11    Approval Hearing.

12         3.     Attendance at the Final Approval Hearing is not necessary; however, any

13    Class member wishing to be heard orally with respect to approval of the settlement, the

14    applications for attorneys' fees and reimbursement of expenses, or the application for class

15    representative incentive awards is required to provide written notice of their intention to

16    appear at the Final Approval Hearing no later than 45 days after the last date on which the

17    Publication Notice is to be published, which date will be specifically identified in the Class

18    Notice. Class Members who do not oppose the settlement, the application of attorneys' fees

19    and expenses, or class representative incentive awards need not take any action to indicate

20    their approval. A Class Member's failure to submit a written objection in accordance with the

21    procedures set forth in the Class Notice waives any right the Class Member may have to

22    object to the settlement, attorneys' fees and expenses, or class representative incentive awards,

23    to appear at the Final Approval Hearing, or to appeal or seek other review of the Final

24    Judgment and Order.

25    DATED:  August 13, 2010

26

27    **CATHY ANN BENCIVENGO**
      United States Magistrate Judge

28