Case 3:06-cv-02705-CAB Document 128 Filed 04/22/11 Page 1 of 8

NUNC PRO TUNC

APR 18 2011

FILED

11 APR 22 AM 2: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ DEPUTY

SAM P. CANNATA
Pro Se
Law Office of Sam P. Cannata
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Telephone: (216) 438-5091
Facsimile: (216) 587-0999
samcannata@cannataphillipslaw.com

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNDEE HARTLESS, On behalf of Herself and All Others Similarly Situated and the General Public<br><br>Plaintiff,<br><br>vs.<br><br>CLOROX COMPANY,<br><br>Defendant | Case No.: 3:06-CV-02705<br><br>CLASS ACTION<br><br>RESPONSE TO PLAINTIFF'S MOTION FOR RULE 7 APPEAL BOND |

COME NOW Objector SAM P. CANNATA, Pro Se, hereby submits his Response to Plaintiff's Notice of Motion and Motion for Rule 7 Appeal Bond and its related documents, docket numbers 125, 125-1, 125-2, 125-3 and 125-4.

### RESPONSE IN OPPOSITION TO MOTION

Class Plaintiffs may obtain a bond for anticipated costs under Rule 7 FRAP, but those costs are limited to those set forth in Rule 39 FRAP. The $7,500 sought by class counsel is excessive and seems to include unpermitted costs, such as attorneys' fees and administrative costs. Class Counsel is seeking an excessive bond in an attempt to suppress the objectors' appeal

from the court's approval of the settlement and their attorneys' fees. That is not a proper use of the rules relating to bonding, and the Court should not allow it pursuant to Rule 7 FRAP.

Objector/Appellant's objections to the settlement and Class Counsel's attorneys' fees, and his appeal from the order overruling his objections to the settlement and class counsel's fees are not "meritless" and his conduct has not been "vexatious" and uncooperative; and, his appeal is unlikely to be declared so by the appellate panel.

## IMPROPER USE OF RULE 7 APPEAL BOND

The main theme of the Class Plaintiffs' request for a $7,500 bond in this case is that Objector/Appellant's objection to the settlement and class counsel's fees are meritless. Further Class Plaintiffs' attempt to label the Objector/Appellant as a "professional serial objector" who pursues objections for improper purposes and his conduct is vexatious. Plaintiffs' Class Counsel wrongfully and maliciously attempts, with a broad brush, to label the Objectors and their legal representatives as "professional serial objectors" that routinely practice "vexatious conduct", in hopes of misleading this Court. Plaintiffs' Class Counsel's smoke screen approach and broad brush labeling should be ignored.

In fact, a bond for costs on appeal under Rule 7 FRAP cannot be determined on the basis of whether or not the Objector or their legal counsel is a "professional serial objector", and how many times they have filed objections in the past; to do so would be clearly unconstitutional, when an appeal is afforded. The amount of an appeal bond for costs under Rule 7 FRAP is expressly provided for and enumerated in Rule 39.

Moreover, it is clear that determining whether or not an appeal is meritless or frivolous is solely within the jurisdiction of the appellate court, not the district court. *Vaughn v. American Honda Motors Co.*, 507 F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *In re American President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985).

An appeal is meritless or frivolous if "the result is obvious or if the claims of error are wholly without merit." *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir.

1983). Although the imposition of attorney's fees on appeal as a sanction is allowed under Rule 38, it is only available after the appeals court finds the appeal meritless or frivolous, and only upon further motion and hearing. *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007); see also 10 Wright, Miller & Kane, Federal Practice & Procedure, §2675; 2675.2 (2001).

In the case of *Azizian v. Federated Department Stores, Inc.*, the 9th Circuit considered the question of under what circumstances a district court may require an appellant to include appellate attorney's fees in an appeal bond. See *Azizian*, 499 F.3d 950. The *Azizian* court determined that a district court may require an appellant to secure appellate attorney's fees in the appeal bond pursuant to Rule 7 only if an applicable fee shifting statute includes attorney's fees in its definition of recoverable costs. *Id.* at 953. In *Azizian*, the district court had ordered appellants to post a $42,000 appeal bond, representing $2,000 in appellate costs under Rule 39 and $40,000 in appellate attorney's fees. *Id.* at 954. The district court rationalized its inclusion of attorney's fees in the appeal bond by concluding that the Court of Appeals was likely to find the appeal frivolous. *Id.* Appellants tendered $2,000 of the bond allocated to costs under Rule 39, but not the $40,000 allocated to attorney's fees. *Id.* The 9th Circuit eventually found that the appeal should not be dismissed on its merits because appellants had failed to post the full bond required by the district court. *Id.* at 954. In discussing the district court's decision that the Court of Appeals would find the appeal frivolous and therefore award attorney's fees as a sanction under Rule 38, the 9th Circuit stated "even if we were to conclude that [the appellant's] appeal was frivolous, however, we would reverse the district's inclusion of appellate attorney's fees on that basis." *Id.* at 960. The 9th Circuit held that the district court's inclusion of attorney's fees in the bond on the grounds that the appeal was likely frivolous was improper for three reasons. *Id.* First, because an award of attorney's fees for a frivolous appeal under rule 38 is very unusual, and it would be difficult for the district court to gauge whether such an award would be likely. *Id.* Second, if the potentially large sums possible under Rule 38 were included in Rule 7 bonds, the effect would be to chill appeals. *Id.* Third, Rule 38 authorizes the award of attorney's fees as a sanction for improper conduct on appeal, and only the court of appeals may order the sanctions

of appellate attorney's fees. *Id.* The 9th Circuit concluded that "whether, or how, to deter frivolous appeals is best left to the court of appeals ..." *Id.* at 961. Therefore, there is simply no provision for a district court to make an advance determination that an appeal violates Rule 38, much less authority for imposing a bond to include the anticipated damages and sanctions that the circuit court may ultimately determine.

### A BOND IN THE AMOUNT OF $7,500 IS EXCESSIVE AND SHOULD BE DENIED

The $7,500 sought by class counsel is excessive and seems to include unpermitted costs, such as attorneys' fees and administrative costs. Class Plaintiffs' are entitled to a bond for actual costs explicitly taxable pursuant to Rule 39 FRAP, but not anything more. Alas, Class Counsel is seeking an excessive bond in an attempt to suppress the objectors' appeal from the court's approval of the settlement and their attorneys' fees.

Rule 39 FRAP expressly provides for and enumerates certain costs which can be taxes at costs on appeal in the District Court. In pertinent part Rule 39 (e) provides as follows: The costs on appeal are taxable in District Court for the benefit of the party entitled to costs under this rule: 1) the preparation and transmission of the record; 2) the reporters transcript, if needed to determine the appeal; 3) premiums paid for a supersedeas bond or other bond to preserve the rights pending appeal; and 4) the fee for filing the notice of appeal. In pertinent part Rule 39 (c) provides as follows: Each court of appeals must by local rule, fix the maximum rate for taxing the costs of producing the necessary copies of the brief or appendix, or copies of records authorized by Rule 30 (f). The rate must not exceed that generally charged for such work in the area where the clerk office is located and should encourage economical methods of copying.

Therefore, the only costs recoverable under Rule 39 FRAP for an appellee, and thus allowed to be included in a Rule 7 FRAP bond appeal, are the "necessary copies of a brief or appendix," "preparation and transmission of the record," and "the reporter's transcript." The appellant paid the filling fee for the notice of appeal and will be responsible for any premiums for any supersedeas bond or other bond. Attorney fees and administrative costs are not listed "as

part of costs" under Rule 39.  Thus, under Rule 7 FRAP a bond cannot include attorney fees or administrative costs and expenses since these are not expressly provided for and enumerated in Rule 39.

In fact, total costs on appeal generally do not exceed $1,000.00 and Courts routinely set bonds for these costs on appeal under $1,000.00.  *Vaughn vs. American Honda Co. Inc.* (2007) (5th Cir.) 507 F. 3d 295, 300 ("Accordingly, we reduce the amount of the bond to $1,000.00").

## PLAINTIFFS SEEK UNCONSTITUTIONAL BARRIERS

Furthermore, Objectors are usually the only source of independent scrutiny during a class action settlement fairness hearing.  Settling parties typically agree to cooperation in seeking approval of class action settlements.  For example, often, the parties stipulate that injunctive relief has significant and unrealistic value to the class.  In addition, the parties often stipulate to cy pres distributions, yet the class attorney's calculate their attorneys' fees by charging the class, based on a percentage basis for the perceived value of the cy pres distribution.  Such provisions leave courts without adversarial assistance when considering a proposed settlement or setting reasonable attorneys' fees.  Without the participation of objectors, courts must rely solely upon the parties' representations to determine the fairness, reasonableness, and adequacy of a settlement.  Good faith objectors are therefore a benefit to district and appellate courts because they inject much needed adversarial content into the proceedings.

However, appellate bonds deter good-faith objector/appellants with no effect on bad-faith objector/appellants.  *Devlin v. Scardelletti*, 5 U.S. 1 (2002), established the right of class action objectors to appeal without first seeking intervention.  *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3rd Cir. 2005).  In doing so, the Supreme Court expressly rejected a formality that had been adopted by several circuits "to require class members to intervene for purposes of appeal."  *Devlin*, 536 U.S. at 11.  The Court found no purpose for the formal barrier to an appeal. *Id.* at 12.

Similarly, punitive appellate bonds imposed in order to block purportedly vexatious appeals require district courts to consider issues, such as "meritless" and "frivolous" appeals, which are best suited for the appellate courts. Notwithstanding, if appellant/objectors are dissatisfied with the appeal bond a district court imposes, they can simply appeal the bond determination itself, adding another layer of complexity, which the *Devlin* court repudiated.

Objector/Appellant's objections to the settlement; Class Counsel's attorneys' fees, and his appeal from the order overruling his objections to the settlement and class counsel's fees are facially not frivolous. In fact, his appeal is highly unlikely to be declared so by the appellate court.

In addition, the imposition of an excessive appeal bond for costs on appeal placed on the Objector is a violation of and creates an unconstitutional barrier and burden on the constitutional right of appeal. *North Carolina vs. Pearce* (1969) 395 US 711, 724, 89 S. Ct. 2072, 2080 ("A court is without right to ... put a price on an appeal"). The right of appellate review in federal court is conferred by statute alone. See 22 USC Section 1291 ("The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except when in direct review may be heard in the Supreme Court"), *Heike vs. United States* (1910) 217 US 423, 30 S. Ct. 539 (federal right of appeal is purely statutory). Jurisdiction of the court of appeals is not discretionary, but conferred "as a matter of right", where the decision appealed from was rendered pursuant to the statutory grant of federal appellate jurisdiction. When an appeal is afforded, however, it cannot be granted to some litigants, and capriciously and arbitrarily denied to others without violating the Equal Protection Clause. *Lindsay vs. Normet* (1972) 405 US 56, 77, 92 S. Ct. 862, 876. Therefore, principles of due process and equal protection mandate that an appeal process which is established by statute must be fairly and equally accessible to all litigants. *North Carolina vs. Pearce* (1969) 395 US 711, 724-25, 89 S. Ct. 2072, 2080.

It is clear that Class Counsel is seeking a $7,500.00 bond in an attempt to stifle the Objector's appeal from this court's approval of the settlement and their attorneys' fees. To uphold Class Counsels' request would clearly constitute a violation of the Objector's

constitutional rights. *North Carolina vs. Pearce* (1969) 395 US 711, 724, 89 S. Ct. 2072, 2080 ("A court is without right to ... put a price on an appeal"); *O'Day vs. George Arakelian Farms, Inc.* (9th Cir. 1976) (a double bond was declared to be unconstitutional in order to effect an appeal from the district court).

## CONCLUSION

As set forth, there is no legal or factual support for the imposition of a Rule 7 bond that exceeds the actual costs and it is respectfully requested that this Court issue an Order denying Plaintiff Shawndee Hartless' Motion for Rule 7 Appeal Bond.

Respectfully submitted and dated this 15th day of April, 2011.

                                              **Law Office of Sam P. Cannata**

                                              SAM P. CANNATA
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Telephone: (216) 438-5091
Facsimile: (216) 587-0999
samcannata@cannataphillipslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Response to Plaintiff's Motion for Rule 7 Appeal Bond has been served via Federal Express on April 15, 2011 to the **United States District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, CA 92101-8900** and a copy of the same was placed in the United States Mail, First Class Mail, postage prepaid to the following participants at the mailing addresses listed below.

**COUNSEL FOR PLAINTIFFS**

Leslie Hurst
Blood Hurst & O'Reardon, LLP
600 B Street, Suite 1550
San Diego, CA 92101`

**COUNSEL FOR DEFENDANT**

Sabrina Strong
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

SAM P. CANNATA
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Telephone: (216) 438-5091
Facsimile:  (216) 587-0999
samcannata@cannataphillipslaw.com