UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNDEE HARTLESS, on Behalf of Herself, All Others Similarly Situated, and the General Public,<br><br>                        Plaintiff,<br><br>     v.<br><br>CLOROX COMPANY,<br><br>                        Defendant. | Civil No.   06cv2705-CAB<br><br>**ORDER DENYING MOTION FOR RULE 7 APPEAL BOND AND, IN THE ALTERNATIVE, ORDERING PAYMENT TO BE HELD IN CLIENT TRUST**<br>**[Doc. No. 125]** |

      On March 21, 2011, plaintiff file a motion for a Rule 7 appeal bond. [Doc. No. 125.] On April 21, 2011, objector Sonia Newman filed an opposition to the motion. [Doc. No. 126.] On April 22, 2011, objector Sam P. Cannata filed an opposition to the motion. [Doc. No. 128.][1] On April 29, 2011, plaintiff filed a reply to the oppositions. [Doc. No. 129.] The Court addressed the motion during a hearing on May 6, 2011.  Leslie Hurst, Esq., appeared on behalf of plaintiff.  Janine Menhennet, Esq., appeared on behalf of objector Sonia Newman.  There were no other appearances, although Ms. Menhennet stated that she represented "the interests" of all of the objectors.

      Plaintiff requested an order requiring objectors Sonia Newman, Omar Rivero and Sam Cannata to jointly and severally post an appeal bond in the amount of $7500 to cover appellee's costs on appeal. During the hearing, the Court questioned whether the amount requested was excessive.  Ms. Menhennet

---

[1] No opposition was filed by objector Omar Rivero.

then represented on behalf of objector Newman that, in lieu of an appeal bond, Ms. Newman would be willing to make a $3,000 payment to plaintiff's counsel's client trust account, to be held as security towards any appellate costs ultimately recovered by plaintiff. That agreement was acceptable to plaintiff.

Therefore, the Court hereby **DENIES** plaintiff's motion for an appeal bond. In the alternative, the Court orders that objector Newman provide plaintiff with a payment of $3,000 on or before **May 13, 2011**.[2] The payment will be held in plaintiff's counsel's client trust account as security for any future appellate costs awarded to plaintiff. At the conclusion of the appeal, the $3,000 payment will be credited towards any appellate costs awarded to plaintiff. If the appellate costs ultimately awarded to plaintiff are less than $3,000 (or if plaintiff does not recover any appellate costs), then any remaining amount is to be refunded to Ms. Newman. If appellate costs ultimately awarded to plaintiff exceed $3,000, then Ms. Newman will be responsible for paying plaintiff the additional costs incurred over $3,000.

**IT IS SO ORDERED.**

DATED: May 6, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[2] This payment is on behalf of all of the objectors. Ms. Newman will seek contribution from the other objectors, but agrees that she will make the full payment to plaintiff.